UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**JUDITH LYNN SCHWENKE**,

Debtor.

Case No. **08-60380-7**

# MEMORANDUM OF DECISION

At Butte in said District this 25th day of September, 2008.

In this Chapter 7 case the Trustee moved for turnover of an economic stimulus payment which the Debtor received under the "Economic Stimulus Act of 2008", Pub. L. 110-185, 122 Stat. 613 (effective February 13, 2008) (hereinafter referred to as the "Act"), claiming it as property of the estate under 11 U.S.C. § 541(a). The Debtor objected, and the matter was set for hearing on August 15, 2008, at Great Falls. The Debtor was represented by attorney Kraig C. Kazda ("Kazda") of Great Falls, Montana. The Trustee Darcy M. Crum, of Great Falls, Montana, appeared. No testimony or exhibits were admitted. The parties agreed that there are no disputed facts and agreed to submit the matter on stipulated facts and briefs. The Court granted the parties time to file stipulated facts and simultaneous briefs, which have been filed and

1

reviewed by the Court together with applicable law. The matter is ready for decision. For the reasons set forth below the Court concludes that the entire economic stimulus payment received by the Debtor under the Act is property of the estate not subject to *pro rata* apportionment. A separate Order will be entered overruling the Debtor's objection and granting the Trustee's motion for turnover.

The following stipulated facts are set forth in both parties' briefs:

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and § 157.

2. This is a core proceeding under 28 U.S.C. § 157 as it concerns the administration of the Estate and an order to turn over property of the Estate.

3. Congress passed the bill providing for the stimulus payments ("Economic Stimulus Act of 2008") and the President signed it into law on February 13, 2008.

4. The debtor filed her bankruptcy petition on April 7, 2008.

5. The debtor received $900.00 after the filing of her bankruptcy petition as a result of the Economic Stimulus Act of 2008.

An additional relevant uncontested fact shown by Debtor's Schedule C is that no exemption is claimed by Debtor on Schedule C for the economic stimulus payment.

## DISCUSSION

**A. Contentions of the Parties.**

The Trustee requests turnover of all of the economic stimulus payment as property of the estate which is broadly defined under § 541(a), because the Act was enacted into law before the Debtor filed her Chapter 7 petition, and the petition date is the deciding factor, citing *In re Andrews*, 2008 WL 1977529 (Bankr. D. Utah) and *In re Campillo*, 2008 WL 2338316 (Bankr. D.

Ariz.). The Trustee argues that the stimulus refund is calculated under the Act based on 2007 tax returns as an overpayment of 2007 taxes, and quotes legislative history that the stimulus refund is in effect a gift which is not taken into account as income for 2008 tax purposes. The Trustee distinguishes *Sticka v. Lambert (In re Lambert)*, 283 B.R. 16, 21-22 (9th Cir. 2002), 283 B.R. 16 (9th Cir. BAP 2002) which construed an earlier stimulus statute, the Economic Growth and Tax Relief and Reconciliation Act of 2001 (hereinafter the "2001 Act"), on the grounds the 2001 Act was enacted into law after the debtor filed her bankruptcy petition, while in the instant case the Act was in effect prior to the petition date and the Debtor earned all of her $900 stimulus refund from her earnings in 2007. Therefore, the Trustee contends, 100% of the stimulus refund is property of the estate and should not be pro-rated or apportioned in part to the Debtor.

      The Debtor responds that the stimulus payment under the Act is a credit against her 2008 tax liability, and argues that the estate is entitled to only a *pro rata* share of the refund based on the petition date, like all other tax refunds received after the petition date. Debtor notes that in *Andrews* the court held that the stimulus payment was not property of the estate because the Act became law after the petition date, and noted if the stimulus payment was determined to be part of the estate then the trustee would be entitled only to a *pro rata* share. Debtor agrees that her right to receive the 2008 stimulus payment is predicated upon her 2007 taxable income, but argues that the stimulus rebate is a credit against her 2008 taxes, and her 2007 income is relevant only to determine her eligibility. The Debtor cites a statement on the IRS's website that a taxpayer who does not qualify for a rebate based on 2007 income may in fact be entitled to a 2008 stimulus credit based on the debtor's 2008 tax returns. Debtor cites *Lambert* for its three-prong analysis in holding the trustee was only entitled to a *pro rata* share of a relief check under

the 2001 Act, and argues that similar reasoning should apply in the instant case and limit the Trustee's recovery to a *pro rata* share of the stimulus refund under the 2008 Act like all other tax credits received by debtors after the petition date. Debtor likens the stimulus payment under the Act with the federal earned income credit as described in *In re Montgomery*, 224 F.3d 1193 (10th Cir. 2000), with similar purposes to stimulate the economy by placing the payments in the hands of those who would spend it, and provide relief for low-income families. Debtor requests that the Court divide the stimulus payment *pro rata* with the Trustee to receive the amount up to the date of the filing of the petition, and the Debtor to receive the *pro rata* share after the petition date.

**B. Property of the Estate.**

Property of the bankruptcy estate is defined broadly under 11 U.S.C. § 541(a)(1) as "all legal or equitable interests of the debtor in property as of the commencement of the case" "wherever located and by whomever held." *In re Konoff*, 356 B.R. 201, 204(9th Cir. BAP 2006); *In re Pettit*, 217 F.3d 1072, 1077 (9th Cir.2000).

The Chapter 13 Trustee included an unpublished case from the United States Bankruptcy Court for the District of Colorado, *In re Allen,* Case No. 08-13467 MER (August 22, 2008), with his brief, in which the bankruptcy court for the district of Colorado wrote:

> The term "property" is construed broadly, 'and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed.' *Segal v. Rochelle*, 382 U.S. 375, 379 (1966) (holding that a loss-carryback refund constitutes property of the estate), *quoted in Kokoszka v. Belford*, 417 U.S. 642, 645-46 (1974). When enacting § 541, Congress adopted the definition of 'property' in *Segal* and confirmed that the right to a tax refund is included in property of the estate. *See* S. Rep. No. 95-989, at 82 (1974), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5868; H.R. Rep. No. 95-595, at 367 (1978, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6323.

4

The Ninth Circuit Court of Appeals stated: "The Code follows *Segal* insofar as it includes after-acquired property 'sufficiently rooted in the pre-bankruptcy past'". *In re Ryerson*, 739 F.2d 1423, 1426 (9th Cir. 1984). The Ninth Circuit BAP in *Lambert*, 283 B.R. at 21 n.13, cited *Ryerson* and *Segal* as authority for continuing the rule that a refund may be held sufficiently rooted in the prebankruptcy past that it belongs to the estate. *See also In re Schmitz,* 270 F.3d 1254, 1258 (9th Cir. 2001) (citing *Ryerson*, 739 F.2d at 1425 (post-petition contingent payments received pursuant to an employment contract that existed when the petition was filed) ).

Debtor admits that at least a *pro rata* portion of her economic stimulus payment under the Act is property of the estate. In the instant case the Act became law prior to the date Debtor filed her Chapter 7 petition. Debtor cites *Andrews* and *Lambert*, but both cases are distinguishable because the statute in both cases was signed into law after the debtors filed their bankruptcy petitions. *Andrews*, 386 B.R. at 872; *Lambert*, 283 B.R. at 17. In *Andrews* the court concluded that the debtors had no legal or equitable interest in stimulus payments that could be property of the estate as of the petition date under § 541(a). 386 B.R. at 873-74.

Debtor cites *Andrew* as authority supporting prorating the economic stimulus payment. However, the court in *Andrew* "specifically declines to determine whether stimulus payments received by individual debtors in chapter 13 cases, or chapter 11 cases, *or received by debtors who filed chapter 7 petitions after the effective date of the Act*, are property of the estate under § 541(a)(1)." 386 B.R. at 874 (Emphasis added). The court wrote: "The Court's determination is limited to the facts of the present case." *Id.* Therefore, this Court does not view *Andrews* as authority supporting Debtor's claim to a *pro rata* share of the economic stimulus payment.

The Court furthermore does not consider *Lambert* as strong support for Debtor's claim to

5

a *pro rata* share. As noted earlier, *Lambert* construed a different statute, the 2001 Act, which was enacted after Lamberts filed their bankruptcy petition. The BAP noted in *Lambert* that an advance refund of anticipated 2001 taxes under the 2001 act "should be pro-rated under well-established caselaw." 283 B.R. at 21. However, the issue of proration was not contested in *Lambert*. At footnote 13 the BAP wrote:

> Because no party has challenged the bankruptcy court's method of pro-ration, we express no opinion whether it would make a difference if Debtors had no income in 2001 or had paid no taxes prior to the Petition Date. *See, e.g., Christie v. Royal (In re Christie),* 233 B.R. 110, 113 (10th Cir. BAP 1999) (most important factor is whether refund was generated from pre-petition payments from what would otherwise have been property of the estate). *See also* footnote 3, supra (we do not address whether Rebate Check was entirely a post-petition benefit).

*Lambert*, 283 B.R. at 21 n.13. Because the issue of proration was not contested or decided in the BAP's decision in *Lambert*, this Court does not deem it in support of Debtor's contention.

Cases construing the 2008 Act under which Debtor received the $900 economic stimulus benefit mostly support the Trustee's position. *Campillo* involved a case like the instant case in which the Act was passed before the debtors filed their chapter 7 petition. In *Campillo* the bankruptcy concluded: (1) that the right to receive the economic stimulus payment under the Act existed pre-petition and was property of the estate under the broad scope § 541(a), and the right passed to the Trustee; and (2) that it was not exempt under the Act, under § 522(a) or other federal or Arizona law. *In re Campillo*, 2008 WL 2338316, *1.

*In re Alguire*, 391 B.R. 252, 254 (Bankr. W.D. N.Y. 2008), the court held that economic stimulus payments under the Act are "unequivocally" tied to the 2007 income tax liability of the debtors, and that an economic stimulus payment which a taxpayer is to receive under the Act is to

6

be viewed as an extra payment on the 2007 tax liability[1].

A recent case construing the Act decided by Hon. Jim D. Pappas is *In re Wooldridge*, __ B.R. __, 2008 WL 4145427 (Bankr. D. Idaho 2008). In *Wooldridge* the petition was filed after the enactment of the Act in 2008, and the debtors received a stimulus check in the amount of $900 and claimed it exempt under Idaho law. The court found that the stimulus payment was property of the estate because the debtors were taxpayers automatically eligible to receive the stimulus payments under the Act. 2008 WL 4145427 at *2. Next the court analyzed whether debtors could claim the stimulus payments exempt under Idaho law as public assistance benefits, and concluded that the policy and purpose behind the Act was not public assistance but rather an effort to jump-start the economy by stimulating spending. 2008 WL 4145427 at *5.

The court wrote "although the filing of a 2007 tax return may represent the vehicle by which most Americans qualified for their payment under the Act, such payment is not directly tied to the 2007 tax return", and that the Act's language clearly references that the payment shall be allowed as a credit against the tax imposed for the first taxable year beginning in 2008. 2008 WL 4145427 at *7, quoting 26 U.S.C.A. § 6428(a). Next Judge Pappas considered the phase-down provisions for eligibility under the Act and when coupled with the policy and purpose of the Act, he concluded that the stimulus payments are not in the nature of public assistance and were not specifically intended to help only lower-income Americans. Consequently, he concluded as the stimulus payments were not in the nature of public assistance, they were not exempt under Idaho law. 2008 WL 4145427 at *8-*9.

---

[1] The court wrote: "That makes it clear that the check either increases a refund or provides a refund for a taxpayer who owed the Internal Revenue Service and has paid it." 391 B.R. at 254.

Turning to the issue of proration, the court applied the three grounds upon which *Lambert* concluded the Relief Check was intended to be an advance refund for taxes anticipated. First, since the Act references tax year 2008, it is not specifically tied to 2007 tax liability. 2008 WL 4145427 at *9, Second, the Act invoked a similar scheme as provided under the 2001 Act providing for a "credit against income taxes," only beginning in 2008. *Id.* Third, in relying on the statute, a conclusion must be made as to whether the statute has any effect on the tax liability for the prior year. Judge Pappas concluded that the stimulus payment cannot be considered a tax rebate for 2007. 2008 WL 4145427, *9. The court viewed the relief checks to be essentially advance refunds issued in advance of a year 2008 refund. 2008 WL 4145427 at *10.

However, the court found a difference between the Act and the 2001 Act[2] and wrote that "it would be nonsensical for the Court to consider payments made under the Act to be advance payments on 2008 tax refunds" because individuals who are not required to file tax returns, and thus not eligible for tax refunds, may receive stimulus payments under the Act, and the IRS does not consider stimulus payments to be refunds paid in advance. 2008 WL 4145427 at *10. The court concluded that the stimulus payment was property of the estate, that it was not an advance tax refund and thus not subject to proration, and that the trustee was entitled to recover and administer the entire amount of the stimulus payment as property of the estate. *Wooldridge*, 2008 WL 4145427 at *10.

This Court adopts the reasoning in *Wooldridge,* with its references to *Lambert*, and likewise concludes that the economic stimulus payment in the instant case is not an advance on

---

[2]"Thus, under the 2001 Act, the credits were available to virtually all taxpayers. Here, the stimulus payments are likewise available to virtually all taxpayers, but also to those others who do not pay taxes." *Lambert*, 2008 WL 4145427 at *10.

8

2008 tax refund and therefore the Trustee may recover and administer the entire $900 stimulus payment for the benefit of Debtor's creditors. 2008 WL 4145427 at *10.

The BAP in *Lambert*, referring to the "well established caselaw" under which relief checks under the 2001 Act would be prorated, cited in footnote 13, *Christie v. Royal (In re Christie)*, 233 B.R. 110, 113 (10th Cir. 1999) (most important factor is whether the refund was generated from prepetition payments from what would otherwise have been property of the estate). 283 B.R. at 21 n.13. The economic stimulus payment under the Act in the instant case refers in several respects to 2007, and is not an advance on a 2008 refund. *Wooldridge,* 2008 WL 4145427 at *6, *10. As such, this Court concludes that the economic stimulus payment under the Act is "sufficiently rooted in [the] pre-bankruptcy past that it belong[s] to [the] estate." *Lambert*, 283 B.R. at 21 n.13, citing *Segal; Ryerson*, 739 F.2d at 1426 . The Court agrees that the stimulus payments under the Act are purely economic legislation to stimulate spending and not public assistance or social welfare, and insufficient reason exists to divide the payments *pro rata. See Wooldridge*, 2008 WL 4145427 at *5.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above overruling the Debtor's objection and granting the Trustee's motion for turnover of the Debtor's $900.00 economic stimulus payment (Docket No. 13).

        BY THE COURT

        */s/ Ralph B. Kirscher*
        HON. RALPH B. KIRSCHER
        U.S. Bankruptcy Judge
        United States Bankruptcy Court
        District of Montana